# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | CASE NO. 09-10171 (KJC) |
| GRA ENTERPRISES LIQUIDATION INC | CHAPTER 7 |
| Debtor(s) | **Objection Deadline: April 13, 2016 at 4:00 p.m.**<br>**Hearing Date: April 20, 2016 at 2:25 p.m.** |

## WARN ACT CLAIMANTS' LIMITED OBJECTION
## TO MOTION TO DEPOSIT UNCLAIMED FUNDS

Plaintiff Terrie Sullivan and the WARN Act Claimants (collectively "WARN Claimants"), by and through their undersigned counsel, submit this objection to the Trustee's *Motion to Deposit Unclaimed Funds* [D.I 25] (the "Motion"). The WARN Claimants object to the Motion and request, instead, that the Trustee distribute the WARN Claimants' settlement checks in accordance with the terms of the Settlement Agreement entered into with Plaintiff (attached hereto as Exhibit A), and the subsequent amendment thereto (attached hereto as Exhibit B). In support of their limited objection, the WARN Claimants state as follows:

### BACKGROUND

1. On March 10, 2009, GRA Enterprises Liquidation Inc. (hereinafter "Debtor") employees were terminated without cause from Debtor's facilities without 60 days advance written notice as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, and the California Labor Code § 1400 *et seq.* ("CAL WARN Act") (collectively the "WARN Acts").

2. On July 28, 2009, Plaintiff filed her Class Action Adversary Proceeding Complaint (Adv. Pro. No. 09-51620) [Adv. Pro. D.I 1] (the "Complaint") alleging that Defendants violated the WARN Acts and seeking, on behalf of herself and all others similarly

situated an allowed claim in an amount equal to 60 days wages and benefits for each affected employee.

3. On April 30, 2010, the Chapter 11 petition filed by the Debtor converted to Chapter 7.

4. The parties ultimately reached a settlement of the adversary and, on October 11, 2013, Plaintiff and the Trustee jointly filed their *Motion for Order Pursuant to Federal Rule of Bankruptcy Procedure 9019 Approving Settlement By and Between George L. Miller, Chapter 7 Trustee for the Estates of GRA Liquidation, Inc., et al., and Terrie Sullivan, on Behalf of Herself and All Others Similarly Situated* (the "9019 Motion"). [Adv. Pro. D.I 33].

5. On July 1, 2014, the Court approved the 9019 Motion and entered its Order (attached hereto as Exhibit C) [Adv. Pro. D.I 46].

6. On July 1, 2014, the Parties entered into the First Amendment to Settlement and Release Agreement (the "Amendment"). See Exhibit B.

## OBJECTION

7. Plaintiff objects to the Motion on the ground that the Trustee failed to comply with the terms of the Settlement Agreement entered into with Plaintiff( Exhibit A), and the subsequent amendment thereto (Exhibit B), by declining to mail the remaining WARN Act Claimants' settlement checks to the last known and updated addresses provided by Plaintiff's Counsel.

8. In October of 2015, the Trustee began disbursing checks to the WARN Act Claimants for whom Plaintiff's counsel forwarded addresses. Communication between counsel regarding locating current addresses and remailing returned checks was ongoing.

9. On January 14, 2016, without prior notice, Trustee's counsel communicated to Plaintiff's counsel that the Trustee would begin the process of turning the estate's remaining funds over to the Clerk of the Court.

10. On January 19, 2016, Plaintiff's counsel responded that the parties' Settlement Agreement did not provide for WARN funds to be turned over to the Clerk of the Court and that, consistent with the First Amendment to the Settlement Agreement, the Trustee is required to mail outstanding settlement checks to the WARN Act claimants' last known addresses, see Exhibit B.

11. In relevant part, the First Amendment to the Settlement Agreement provides that,

> All Terminated Employees Distributions *shall be made to the last known address of any Terminated Employee according to the information provided by Plaintiff's Counsel* or the information contained within the Debtors' books and records. Plaintiffs' Counsel and the Trustee will work cooperatively to locate updated addresses and promptly re-mail settlement checks to those Terminated Employees whose settlement checks were returned undeliverable, inadvertently destroyed or never received by the Terminated Employee.

(Exhibit B, emphasis added).

12. On January 19, 2016, Plaintiff's counsel forwarded to Trustee's counsel a list of last known and updated addresses for the remaining twenty (20) WARN Act Claimants and requested that their settlement checks be processed and mailed.

13. On January 26, 2016, Plaintiff's counsel inquired as to the status of the remaining checks to which Trustee's counsel responded that he was "waiting to hear" back from the Trustee.

14. Plaintiff's counsel continued to follow up with Trustee's counsel as to the status of the mailing of the remaining settlement checks seeking a reply and requesting a telephone call on February 2nd, February 9th, April 1st and April 13th.

15. Trustee's counsel did not respond to any of Plaintiff's counsel's repeated requests for information. Finally, in response to Plaintiff's email of April 13th, Trustee's counsel alerted Plaintiff's counsel to the existence of the instant Motion. Trustee's counsel emailed a copy to Plaintiff's counsel less than one hour before the objection deadline.

16. Upon review of the Motion, the addresses listed for the WARN Act Claimants are not the updated addresses provided to the Trustee by Plaintiff's counsel on January 19, 2016.

## CONCLUSION

WHEREFORE, the WARN Claimants object to the Motion and request that the Trustee distribute the outstanding WARN Claimants' settlement checks to the addresses provided to the Trustee on January 19, 2016, consistent with the terms of the parties' settlement agreement.

Dated: April 14, 2016               Respectfully submitted,

                                 By:  /s/ René S. Roupinian
                                        René S. Roupinian
                                        Jack A. Raisner
                                        **Outten & Golden LLP**
                                        3 Park Avenue, 29th Floor
                                        New York, New York 10016
                                        Telephone: (212) 245-1000

                                        Christopher D. Loizides (No. 3968)
                                        **LOIZIDES, P.A.**
                                        1225 King Street, Suite 800
                                        Wilmington, DE 19801
                                        Telephone: (302) 654-0248

                                       *Attorneys for Plaintiff and the WARN Act Claimants*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | CASE NO. 09-10171 (KJC) |
| GRA ENTERPRISES LIQUIDATION INC | CHAPTER 7 |
| Debtor(s) | |

## CERTIFICATE OF SERVICE

I, Khristine de Leon, under penalties of perjury, certify the following as true and correct: I am not a party to this action and I am over 18 years of age. I further certify that a true and correct copy of the *WARN Act Claimants' Limited Objection to Motion to Deposit Unclaimed Funds* and *Exhibits A-C* were served on this 14th day of April, 2016 on the parties listed below, in the manner indicated thereon:

**VIA FIRST CLASS MAIL**
George L. Miller
8 Penn Center, Suite 950
1628 John F. Kennedy Blvd.
Philadelphia, Pennsylvania 19103

*Chapter 7 Trustee*

Albert A. Ciardi, III
Ciardi Ciardi & Astin
Suite 3500 One Commerce Square
Philadelphia, PA 19103

*Counsel to Chapter 7 Trustee, George L. Miller*


Dated: April 14, 2016
New York, New York

_____
KHRISTINE DE LEON