# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made by and between George L. Miller, the duly appointed Chapter 7 Trustee (the "Trustee") for the Estates of GRA Liquidation, Inc. (f/k/a Pecus ARG Holding, Inc.), GRA Enterprises Liquidation, Inc. (f/k/a ARG Enterprises, Inc.), and PMC Liquidation Corporation (f/k/a ARG Property Management Corporation) (collectively, the "Debtors" or "Defendants"), Terrie Sullivan (the "Plaintiff"), on behalf of herself and all others similarly situated (collectively, the "WARN Act Claimants" and, collectively with Debtors and Plaintiff, the "Parties"), to settle certain claims brought by Plaintiff pursuant to the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq., and the California Labor Code § 1400 et seq. (the "Cal WARN Act") (together the "WARN Acts"), in a case captioned *Sullivan v. GRA Liquidation Inc., et al.*, Adv. Pro. No. 09-51620 (the "WARN Act Litigation").

WHEREAS, prior to the Petition Date (as defined below), the WARN Act Claimants were employed by ARG Enterprises, Inc. at its Foster City CA location; and

WHEREAS, on January 15, 2009, (the "Petition Date"), the Debtors each commenced this case by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, on or about March 10, 2009, and within 30 days of that date, the Debtors terminated the employment of fifty-eight (58) employees who would be covered under the federal and/or California WARN Acts; and

WHEREAS, on July 28, 2009, Plaintiff, on behalf of herself and the WARN Act Claimants, filed the complaint initiating the WARN Act Litigation; and

WHEREAS, on April 6, 2010, the cases were converted to cases pursuant to chapter 7 (the "Chapter 7 Cases"); and

WHEREAS, on May 3, 2010, George L. Miller was appointed as the chapter 7 trustee for the Debtors; and

WHEREAS, the claims bar date in the Chapter 7 Cases was October 12, 2010 (the "Bar Date"); and

WHEREAS, neither the Plaintiff nor any other WARN Act Claimants filed proofs of claim against the Estates prior (or after) the Bar Date; and

WHEREAS, on October 27, 2010, the Trustee answered the complaint and asserted various affirmative defenses, including but not limited to, that the Plaintiff has failed to state a claim upon which relief can be granted, and that the Plaintiff has failed to join a necessary party for proper adjudication of this case; and

WHEREAS, Plaintiff has not had the asserted class certified pursuant to Federal Rule of Civil Procedure 23; and

WHEREAS, there exist significant, complex legal and factual issues regarding the application of the WARN Act in the context of the Chapter 7 Cases; and

WHEREAS, to avoid the expense, delay, uncertainty, and risk inherent in this litigation, the Trustee and Plaintiff have concluded that it is in the interest of all Parties, including the WARN Act Claimants, to resolve the claims and issues that may exist between them in accordance with the terms set forth below, subject to the approval of the Bankruptcy Court; and

NOW WHEREFORE, in consideration of the foregoing, and of the mutual covenants, terms and conditions, and obligations expressed herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Trustee and Plaintiff, subject to the approval of the Bankruptcy Court, and intending to be legally bound, hereby agree as follows:

1.  This Agreement is conditioned upon, and shall not become effective unless and until entry of a Final Approval Order. For purposes of this Agreement: (a) "Final Approval

2

Order" means an order of the Bankruptcy Court, or other documentation filed with the Bankruptcy Court in accordance with applicable settlement procedures, that has not been reversed, stayed, modified, or amended, and as to which no appeal or petition for review, rehearing, or certiorari has been timely filed or is pending and as to which the time to appeal or seek review, rehearing, reconsideration, or certiorari has expired.

2. In the event a Final Approval Order is not entered by the Bankruptcy Court in accordance with Section 1 herein, this settlement agreement and the releases contained herein shall be null and void and the Parties shall return to their present positions and continue forward with the WARN Act Litigation.

3. In full and final settlement of the Parties' disputes, the Trustee agrees that the Debtors' Estates shall pay to the Plaintiff, and Plaintiff agrees to and shall accept the sum of Seventy Six Thousand Five Hundred Dollars ($76,500.00) (the "Settlement Payment").

4. The Settlement Payment shall be made by check payable to "Terrie Sullivan and Outten & Golden LLP" and shall be delivered with the executed Agreement, following the existence of the Final Approval Order, to the following address:

> René S. Roupinian
> Outten & Golden LLP
> Advocates for Workplace Fairness
> 3 Park Avenue, 29th Floor
> New York, NY 10016

5. The Trustee takes no position on Outten & Golden's attorney fees other than they must come from the Settlement Payment, and that Outten & Golden have no further claim against the Trustee, the Bankruptcy Estates or the Debtors.

6. Upon receipt of the Settlement Payment, Plaintiff and all WARN Act Claimants, pursuant to Outten & Golden's signature below, hereby release the Trustee, Debtors, their Bankruptcy Estates, and their respective representatives, agents, and professionals, of and from any and all claims and causes of action asserted by Plaintiff and the WARN Act Claimants

3

and/or related to the WARN Act Litigation, including any filed proof of claim related to the claims and causes of action asserted in the WARN Act Litigation. Obligations arising out of this Agreement are not released.

7. The Trustee and Plaintiff understand and agree that neither the making of this Agreement, nor anything contained herein, shall be construed or considered in any way to be an admission of guilt, wrongdoing or noncompliance with federal, state or local law, statute, order or regulation, the Bankruptcy Code, tortious act, breach of contract, or violation of common law, or any other wrongdoing whatsoever and nothing in this Agreement shall constitute an express or implied admission as to liability on any issue of fact or law.

8. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute one agreement binding upon the parties hereto. An executed Agreement printed from a facsimile machine or computer shall also be deemed and considered an original.

9. This Agreement shall be governed by the laws of the State of Delaware, without giving effect to any choice of law or conflict of law provision or rule that would cause the application of the laws of any other jurisdiction. If any provision of this Agreement shall be determined to be invalid, void or illegal, such provision shall be construed and amended in a manner which would permit its enforcement, but in no event shall such provision affect, impair or invalidate any other provision of this Agreement.

10. This Agreement shall be binding on any lawful successors or permitted assigns of the Parties hereto.

11. The Parties expressly acknowledge that the waivers, releases and agreements provided herein shall become effective upon the entry of a Final Approval Order (the "Effective Date") and may not thereafter be rescinded or revoked. Unless and until so approved, this

4

Agreement should have no force or effect and nothing contained herein shall be an admission of liability by either Party or concession of any fact or issue in this dispute.

12. This Agreement constitutes the entire agreement between the Parties regarding the matters stated herein.

13. This Agreement may not be amended, modified, or extended except by a written instrument executed by the Parties.

14. The Bankruptcy Court shall retain jurisdiction to hear and determine any matters or disputes arising from or relating to this Agreement.

15. The undersigned certify that they are duly authorized to execute this Agreement on behalf of the Parties.

| GEORGE L. MILLER, TRUSTEE | Outten & Golden LLP |
|---|---|
| *[signature]*<br><br>George L. Miller<br>Chapter 7 Trustee of the Estates of GRA Liquidation, Inc. *et al.*<br>1628 John F. Kennedy Boulevard<br>Philadelphia, PA 19103<br>Tel: (215) 561-0950<br><br>Dated: 10/8/13 | By: *[signature]*<br>Jack A. Raisner, Esquire<br>René S. Roupinian, Esquire<br>Advocates for Workplace Fairness<br>3 Park Avenue, 29th Floor<br>New York, NY 10016<br>Tel: (212) 245-1000 ext. 4363<br><br>*Counsel to Terrie Sullivan & The WARN Act Claimants*<br><br>Dated: September 9, 2013 |